ROBERT L. BLAND, Judge,

dissenting.

The court of claims has repeatedly held that the state does not guarantee the safety or freedom from accident of persons using its highways. Bridges are part of the state highway system. In the case of Charlton v. State Road Commission, 3 Ct. Claims (W. Va.) 132, this rule was declared:
“No duty, express or implied, rests upon the state road commission of West Virginia to maintain the highways under its jurisdiction in more than reasonably safe condition for use in the usual manner and by the ordinary methods of travel: and the state does not guarantee freedom from accident of persons traveling on such highways.”
The rule of respondeat superior does not apply to the state. An award may, however, be made of the public revenues when a claim is founded in equity and justice and a clear moral obligation exists to pay it. I do not perceive the existence of a moral obligation of the state in the instant case, in view of the disclosures of the evidence. The driver of the truck *25 had been crossing the bridge every day in safety for a period of about five months. On the day of the accident his truck was carrying an overload of about five tons. A representative of the road commission examined the truck on the day of the accident, but could find no injury to the vehicle. It is true that the truck overturned and had to be removed from its position. May not any actual damage sustained have been the result of such removal rather than its overturn? Evidence indicates that others who used the bridge daily did so successfully and safely.
I would dismiss the claim.